**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00817-PLC |
| ) | |
| 7-ELEVEN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Cedric Greene's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Having reviewed Plaintiff's financial information, the Court finds that he is unable to pay the filing fee in this matter. Accordingly, the Court grants Plaintiff's request and waives the filing fee under 28 U.S.C. § 1915(a)(1). Nevertheless, for the reasons discussed below, the Court dismisses this action for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### **Background**

Plaintiff has filed 36 cases in this district since March 5, 2025. Of those, the Court has dismissed at least 24 for improper venue or lack of jurisdiction. Several other federal district courts, faced with a similar volume of filings from Plaintiff, have imposed restrictions on his ability to file. *See Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 663-67 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuits, as well as federal district courts in Kansas, Utah, California, and Nevada).

## The Complaint

Plaintiff brings the present action against a 7-Eleven location in Culver City, California. He alleges that a female employee became "irate" with him after he inquired about an item located behind the checkout counter. According to Plaintiff, the employee informed a man standing next to her—whom Plaintiff describes as appearing like "a ruthless and dangerous street thug that had just been released from prison"—that she "wasn't pleased" with the manner in which Plaintiff had spoken to her.

Plaintiff alleges that the man then came from behind the counter and threatened him and his wife as they exited the store. Plaintiff further claims that the female employee and another employee also began making threats toward him. Plaintiff asserts that he subsequently called the police, who responded to the scene and "generated an incident number." He seeks $100,000.00 in damages.

## Discussion

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. This case does not satisfy any of the statutory venue requirements.

Plaintiff provides a California address for both himself and the 7-Eleven store. Further, all conduct giving rise to this suit occurred in California. Accordingly, the United States District Court for the Central District of California is the only proper venue for this action. *See* 28 U.S.C.

§ 84(c)(2). Plaintiff does not allege that any act or omission relevant to this case occurred within this district.

Under 28 U.S.C. § 1406(a), if venue is improper, the district court in which the action was filed may either dismiss the action or, if the interests of justice require, transfer it to any district in which it could have been brought. Here, the interests of justice do not warrant transfer. Plaintiff is a well-known vexatious litigant who has filed hundreds of cases across the country. *See Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024) (estimating that Plaintiff has filed over 300 cases in federal courts throughout the country). Accordingly, the Court will dismiss this action for improper venue under 28 U.S.C. § 1406(a).

Even if venue were proper, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. At most, Plaintiff's allegations describe rude and threatening conduct by store employees, which does not plausibly establish any federal claim.

## Conclusion

For the reasons stated above, the Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, and dismisses the complaint without prejudice for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

3

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for improper venue. *See* 28 U.S.C. §§ 1391, 1406(a). An appropriate order of dismissal will accompany this Memorandum and Order.

Dated this 7th day of July, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE